# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br>            Plaintiff,<br><br>     vs.<br><br>JONES HELSLEY PC, et al.,<br>            Defendants._____/ | CASE NO. CV F 10-0916 LJO MJS<br><br>**DISTRICT JUDGE RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY; ORDER OF DECISION; ORDER TO VACATE HEARING** |

    The below-signed United States District Judge (hereafter referred to as "The Court") has received and reviewed the Plaintiff's alternative motions for recusal. The grounds for disqualification of federal judges are controlled by two statutes: 28 U.S.C. §144 and §455. The judge's "personal bias or prejudice" is ground for disqualification under both statutes. *See Liteky v. United States*, 510 U.S. 540, 549–550,144 S.Ct. 1147, 1153 (1994). The test is whether an average, reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. *See United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). Since the Court's response is the same regardless which statute is relied upon, the Court will not distinguish.

    The Court responds only to the motion for recusal directed at the District Judge, and leaves the motion directed at the Magistrate Judge to him for his appropriate response. The Court has had no conversation with Magistrate Judge Seng about the instant case or the instant motion.

/////

**TIMOTHY JONES**

This Court has done no independent investigation about the pertinent dates of happenings more than twenty (20) years ago, but rather responds to the best of its recollection.

Mr. Jones and the Court were not law partners. The Court believes that Mr. Jones did not become a law partner until sometime after the Court departed the firm in January, 1990 to become a Judge of the Fresno County Superior Court, some almost twenty-one (21) years ago.

Mr. Jones came to the law firm in the Fall of 1985 to commence work in the Business Litigation Department. Mr. Jones never worked in the Tort Litigation Department of the firm with the Court. To the best of the Court's recollection, it never worked on a single case with Mr. Jones during the 4 years and one month (from the swearing in of Mr. Jones as a lawyer in early December, 1985 to the Court's departure in early 1990) that Mr. Jones was a lawyer during the same time the Court was a practicing lawyer at the firm of McCormick Barstow. The statement in the moving papers that the Court and Mr. Jones worked together for "at least a 5 or 6 year time period" (2:19-22, moving papers) is incorrect, both as to the length of time and as to the working together.

The Court has seen Mr. Jones at perhaps one or two (if averaged, it would be less) Fresno County Bar and/or Federal Bar Association meetings per year during the past two decades. This Court has had no casual or personal relationship with him either at the time the Court was in practice at the McCormick Barstow Law Firm, nor since.

During the nine (9) years the Court served as a Superior Court Judge, it never faced a contested election. Had there been such a contest, this Court would have taken no monies from Mr. Jones or any other attorney to finance a re-election effort. Regardless of whether or not the Judicial Rules of Ethics permit such activity, this Court deems such gifts to be unethical.

The Court has had no financial or social relationship with Mr. Jones nor any of his family members. This includes attending any social event at the Jones Law Firm.

The Court has handled numerous law suits, State and Federal, wherein Mr. Jones, partners from his law firm, and associates from his law firm were counsel of record. No recusal issue has ever, up until now, been raised either by the Court or by any party/counsel.

At page 7:9-11 of the moving papers, it seems to be suggested that if the Court had had

1 similar alleged ties with the plaintiff or plaintiff's counsel that perhaps the alleged absence of
2 impartiality would have been balanced and negated.  This is the not the issue.  If impartiality exists,
3 it exists, and can not somehow be overlooked because there is a double dose of it within a case.
4     At page 8:2, it is suggested that Mr. Jones and the Court have known each other for 25 or 26
5 years.  It would be more accurate to say that the Court and Mr. Jones have known OF each other for
6 most of those years.

### CHRISTOPHER WANGER

8     The allegation of impartiality as it relates to Counsel Wanger is that he is the son of United
9 States Senior District Judge Oliver W. Wanger of the Eastern District of California, and because the
10 undersigned sits on the same Bench, that this is enough for recusal.  In spite of this assertion, in the
11 Conclusion portion of the moving papers, it is suggested that one alternative to the perceived
12 problem is to reassign this case to United States District Judge Anthony Ishii.  Judge Ishii holds the
13 very same judicial position on the Court as does the undersigned.
14     The undersigned has not spoken to Judge Wanger about the instant case, and has no intention
15 of doing so during its pendency.  The relationships discussed are of no concern or consequence to
16 any issue in this case.

### MAGISTRATE JUDGE SENG

18     There is mention in the moving papers that there are "ties" (8:21-22) or "connections" (9:1-2)
19 between District Judge O'Neill and Magistrate Judge Seng that are pertinent.  The moving papers do
20 not give specifics regarding either the ties/connections or the concerns, legal or factual.  The Court,
21 therefore, can not respond other than to state that it can not think of any ties or connections that
22 would have any pertinence to the matters at issue.

### MAGISTRATE JUDGE OBERTO

24     There is mention in the moving documents that Magistrate Judge Oberto was replaced in the
25 case by Magistrate Judge Seng.  If there is an implication that this was achieved for some sinister
26 purpose, the Court states unequivocally that it believes that the reassignment occurred during a
27 wholesale reassignment of cases among Magistrate Judges in an attempt to disburse fairly the
28 massive workload among our Magistrate Judges.

**TIMELINESS OF THE MOTION**

The Court accepts the representation of counsel on the issue of when it learned of facts that led to the concerns prompting the instant motion. The timeliness of the motion is a non-issue.

**IMPUGNING THE INTEGRITY OF THE COURT**

Although there exists a concern expressed by counsel and a discussion on the topic, the Court does not view there to be any issue about impugning the integrity of the Court by bringing the instant motion.

**ISSUE**

The issue is straightforward: whether judicial impartiality reasonably might be questioned.

**RULING**

Based on the full disclosure set forth herein, the Court finds that no reasonable person would or could question the Court's impartiality. The instant Motion as it pertains to the undersigned District Judge is DENIED.

The Court makes neither a ruling nor a suggestion in the matter of the recusal of Magistrate Judge Seng. That is a matter to be determined by him.

The hearing set before the undersigned on December 9, 2010 is vacated.

IT IS SO ORDERED.

**Dated:   November 15, 2010**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE