# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     v.<br><br>JONES HELSLEY, PC, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:10-cv-916-LJO-MJS<br><br>ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE HEARING DEFENDANTS' PENDING MOTION TO STAY<br><br>(ECF No. 35) |

In this action filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff Carolina Casualty Insurance Company (CCIC) seeks the Court's determination that it owes no duty to defend or indemnify Defendants in <u>James A. Bratton and Bratton Investments, LLC v. Timothy Jones, et al.</u>, Case No. 10CECG02212, a legal malpractice action pending in Fresno County Superior Court (the "Underlying Action").  (ECF No. 1.) Defendants have moved to stay all proceedings in this action pending resolution of the Underlying Action.  (ECF No. 29.)  The Motion for Stay is scheduled to be heard by the undersigned on December 10, 2010.  (<u>Id.</u>)

On November 4, 2010, CCIC filed an Objection to the Magistrate Judge hearing and ruling on the Motion to Stay.  (ECF No. 35.)  CCIC argues that the District Judge should rule on the pending Motion to Stay because the motion is "the functional equivalent of a motion to dismiss CCIC's claim" and also because the Motion to Stay is similar to a motion for injunctive relief which Magistrate Judges are precluded from hearing under 28 U.S.C.

636.[1] (Id. at 2-4.)

As CCIC notes, 28 U.S.C. § 636 addresses the jurisdiction and powers of United States Magistrate Judges. Because Plaintiff has declined to consent to the magistrate judge having plenary authority over this case (see ECF No. 34), the undersigned's power is confined to 28 U.S.C. § 636(b)(1). See Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992). Section 636(b)(1)(A) provides that a Magistrate Judge may "hear and determine" any pretrial matter except "a motion for injunctive relief, for judgment on the pleadings, for summary judgment" amongst others. Pursuant to § 636(b)(1)(B), a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact, and recommendations for the disposition" of the motions exempted in § 636(b)(1)(A). "The primary difference between subsections (1)(A) and (1)(B) is that the former allows the magistrate judge to 'determine' the matter (subject to review of the district court for clear or legal error) while the latter allows the magistrate judge only to submit 'proposed findings and recommendations' for the district court's *de novo* review." Reynaga, 971 F.2d at 416.

The Ninth Circuit has held that, in certain circumstances, a magistrate judge is not empowered to decide a motion to stay. Id. at 417 (magistrate judge acted beyond his authority in granting a stay because it effectively denied the opposing party's injunctive relief); see also, Harrell v. Huskey, 980 F.2d 737 (9th Cir. 1992) (magistrate lacked authority to stay habeas action pending the exhaustion of remedies). In those cases, however, the magistrate judge was empowered to hold a hearing and submit proposed findings and recommendations to the district judge. Although the Court doubts that staying this case would be dispositive or have the effect of denying Plaintiff relief, the Court will err on the side of caution and submit proposed findings and recommendations to the district court so that the latter can make a determination on the motion to stay.

---

[1] The Court notes that Plaintiff has also filed a Motion to Disqualify the undersigned because of the undersigned's ties to members of the family of one of the defense counsel. Because the Motion to Disqualify is irrelevant to whether a magistrate judge has the authority to rule on a motion to stay, the Court will not address the disqualification issue in this Order.

1  Accordingly, Plaintiff's Objection is OVERRULED to the extent that it seeks to have
2 the assigned District Judge hear the Motion to Stay in the first instance; the Motion to Stay
3 will be heard by the undersigned as previously noticed.  Plaintiff's Objection is SUSTAINED
4 to the extent that it seeks to have the District Judge rule on the Motion; the undersigned
5 will submit findings and recommendation to the District Judge for a determination of the
6 merits of the motion.

IT IS SO ORDERED.

Dated:    November 15, 2010            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE