1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ## EASTERN DISTRICT OF CALIFORNIA

8

9 CAROLINA CASUALTY
INSURANCE COMPANY,

CASE NO.    1:10-cv-916-LJO-MJS

10              Plaintiff,

ORDER DENYING MOTION TO DISQUALIFY
THE   UNDERSIGNED   AND   DENYING
REQUEST TO VOLUNTARILY RECUSE

11      v.

(ECF No. 40)

12 JONES HELSLEY, PC, et al.,

DECEMBER   20,   2010   HEARING   ON
MOTION VACATED

13              Defendants.

14 _____/

15

16     At the Initial Scheduling Conference in this case, the undersigned informed the

17 parties of his connections with members of the family of Christopher Wanger (one of the

defense counsel).  In response, Plaintiff filed the instant Motion to Disqualify or Request

18 to Voluntarily Recuse.  (ECF No. 40.)  For the reasons discussed below, Plaintiff's Motion

19 is DENIED.

20 ## I.    MAGISTRATE JUDGE'S DISCLOSURE

21     The undersigned practiced  civil litigation in the  Fresno, California  area for almost

22 thirty years.  Although he recalls having encountered one or more of the Defendants here

23 (as non-co-counsel for parties) in litigation over the years, he has no ongoing relationship

24 with any of them.

25     In the manner and to the extent described below, the undersigned is a very casual

26 social acquaintance of Chris Wanger, one of four named attorneys of record for

27 Defendants.

28

1    Chris Wanger is the brother of Andrew Wanger.  The undersigned has known

2    Andrew Wanger since approximately 1992 when, first as a summer clerk and later as a

3    new lawyer, Andrew Wanger took employment with the Fresno, California law firm in which

4    the undersigned was a partner.  The undersigned and Andrew Wanger worked on cases

5    together from December 1993 to February 1995, at which time Andrew Wanger took

6    employment with the Fresno District Attorney's office.  In 1996, Andrew Wanger left Fresno

7    to accept  employment in San Francisco, California.  Andrew Wanger resumed residence

8    in Fresno, California in 2008, but continues to practice for a San Francisco law firm.

9    The undersigned has kept in touch with Andrew Wanger, and on a handful of

10   occasions (perhaps three to five) over the past eighteen years, each has visited the other's

11   home generally as one of a large group of social and professional acquaintances.  Over

12   those eighteen years, the undersigned has met and talked with Andrew Wanger's brother,

13   Chris Wanger, at approximately three social events to which the undersigned had been

14   invited, along with many others, by Andrew Wanger. These social events all occurred

15   before the undersigned was a Magistrate Judge and before the instant action was filed.

16   Additionally, Chris Wanger is the son of Oliver Wanger, a District Judge in this

17   Court.  The undersigned has not discussed, and has no future plans to discuss, this case

18   with Judge Wanger.

19   **II.   LEGAL STANDARD AND ANALYSIS**

20   Plaintiff moves to recuse and/or disqualify under two federal statutes.  Section 455

21   of Title 28 of the United States Code provides in pertinent part: "Any justice, judge, or

22   magistrate judge of the United States shall disqualify himself in any proceeding in which

23   his impartiality might reasonably be questioned."  28 U.S.C. § 455(a). Section 144 of Title

24   28 of the United States Code provides in pertinent part: "Whenever a party to any

25   proceeding in a district court makes and files a timely and sufficient affidavit that the judge

26   before whom the matter is pending has a personal bias or prejudice either against him or

27   in favor of any adverse party, such judge shall proceed no further therein, but another

28   judge shall be assigned to hear such proceeding."  28 U.S.C. § 144.

1     Motions to disqualify are fact-driven and the Court's analysis must be guided by the

2  unique facts and circumstances of this case rather than by comparison to similar situations

3  in prior jurisprudence. <u>Clemens v. United States District Court for Central District of</u>

4  <u>California</u>, 428 F.3d 1175 (9th Cir. 2005). "Judicial impartiality is presumed," <u>First</u>

5  <u>Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler</u>, 210 F.3d 983, 987 (9th Cir.

6  2000), and the party seeking recusal carries a "heavy burden" to overcome the

7  presumption of impartiality. <u>See</u> <u>Fletcher v. Conoco Pipe Line Co.</u>, 323 F.3d 661, 664 (8th

8  Cir. 2003); <u>Denardo v. Municipality of Anchorage</u>, 974 F.2d 1200, 1201 (9th Cir. 1992).

9  "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the

10  duty to not sit where disqualified." <u>Laird v. Tatum</u>, 409 U.S. 824, 837 (1972); <u>see also</u>

11  <u>Clemens v. U.S. Dist. Court for Central Dist. of California</u>, 428 F.3d 1175, 1179 (9th Cir.

12  2005) (a judge has "as strong a duty to sit when there is no legitimate reason to recuse as

13  he does to recuse when the law and facts require."). Ultimately, a judge should recuse

14  "where 'a reasonable person with knowledge of all the facts would conclude that the

15  judge's impartiality might reasonably be questioned." <u>Voigt v. Savell</u>, 70F.3d 1552, 1566

16  (9th Cir. 1995).

17     The Court has set forth in detail above the entire relationship between the

18  undersigned and Chris Wanger. Having made such disclosure, the Court finds that no

19  reasonable person with knowledge of all the facts would reasonably question the

20  undersigned's impartiality. As the Ninth Circuit Court previously observed, a federal judge

21  is not a "sterile creature who dons judicial robes without any prior contacts in the

22  community but rather is very likely to be a man or woman with a broad exposure to all kinds

23  of citizens of all shades of persuasion and background. A judge is not required to forsake

24  established friendships and professional relationships with members of the bar just

25  because he has taken a seat on the bench." <u>United States v. Mosesian</u>, 972 F.2d 1346,

26  *6 (9th Cir. 1992) (unpublished).

27     The Court is confident that a reasonable person would not reasonably question a

28  judge's impartiality toward a party simply because one of four attorneys representing that

party was the brother of an acquaintance of the judge.  See Clay v. Doherty, 608 F.Supp. 295, 300 (N.D.Ill. 1985) (judge's acquaintance with witness who shared mutual and close friends did not require recusal where encounters between the two had been sporadic such that a reasonable observer would not doubt judge's ability to remain impartial).

Similarly, the undersigned's working relationship with Judge Wanger does not merit recusal.  Although the undersigned regularly hears cases at the United States District Courthouse in Fresno where Judge Wanger has his chambers, the undersigned's primary chambers are in Yosemite National Park.  The undersigned does not typically discuss cases with Judge Wanger.  The undersigned has not discussed and does not intend to discuss the instant action with Judge Wanger.  The Court finds that no reasonable person would believe that the undersigned's impartiality was put in question because of this professional relationship between him and Judge Wanger.

**III.  <u>CONCLUSION</u>**

For the reasons stated above, Plaintiff's Motion to Disqualify/ Request to Voluntarily Recuse is DENIED.

IT IS SO ORDERED.

Dated:  ___November 23, 2010___        ___/s/ *Michael J. Seng*___
                                        UNITED STATES MAGISTRATE JUDGE