1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | CASE NO.   1:10-cv-916-LJO-MJS |
| Plaintiff, | ORDER RECOMMENDING THAT DEFENDANTS' MOTION TO STAY BE GRANTED |
| v. | (ECF No. 44) |
| JONES HELSLEY, PC, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

Before the Court is Defendants' and Counterclaimants' Motion to Stay of All Proceedings.  (ECF No. 44.)  The Court considered all the papers filed in support of and in opposition to the Motion and heard argument on the Motion on December 10, 2010.

For the reasons stated at the hearing and modified and supplemented below, the Court recommends that Defendant and Counterclaimants' Motion for a Stay be GRANTED until the underlying action, *James A. Bratton and Bratton Investments, LLC v. Timothy Jones, et al.*, pending in California Superior Court, Fresno County, as action number 10CECG02212AM (the "Bratton Action" or the "Underlying Action" ) is resolved.  However, it is further recommended that Plaintiff be given the right to seek relief from the stay if and

when it in good faith believes and represents that circumstances have changed so that the reasons for the stay no longer exist, provided no such motion for relief from the stay be initiated for at least six months..

## I.    LEGAL STANDARD

Courts have the discretion to stay insurance coverage actions until after the underlying actions have been decided.  Courts may stay an insurance coverage action to avoid inconsistent determinations that could prejudice an insured; a stay is appropriate unless the facts to be litigated in the coverage case are unrelated to issues of consequence in the underlying case . Montrose Chemical Corp. of Calif. v. Superior Court, 6 Cal. 4th 287, 24 Cal. Rptr. 2d 467 (1994) ("Montrose I"); Montrose Chemical Corp. of Calif. v. Superior Court, 25 Cal. App.4th 902, 31 Cal. Rptr. 2d 38 (1994) ("Montrose II"); California Ins. Guarantee Assoc. v. Superior Court, 231 Cal. App.3rd 1617, 283 Cal. Rptr. 104 (1991).  Even where there are no issues overlapping between the coverage and the underlying cases, the Court  is to use its discretion and balance prejudice to the insured (In having to wage a two-front war if the coverage action is not stayed) against the prejudice to the insurer (in having to pay defense costs in a case where there may be  no duty to defend if the stay is granted), giving consideration to the anticipated length of the underlying case, as to whether the insured has independent counsel in the underlying case and as to whether the insured has other insurance.  Great American Insurance Co. vs Superior Court, 178 Cal. App. 4th 221, 100 Cal. Rptr. 3d  258 (2009).

Courts also "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies the subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277 (1995);

<u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491 (1942).  In explaining this authority, the Supreme Court has stated: "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." <u>Wilton</u>, 515 U.S. at 288.

## II.    FACTS

The facts essential to this Motion are summarized briefly as follows:

At all times relevant to this motion Defendants and Counterclaimants Jones Helsley PC, a California Professional Corporation, Timothy Jones, Esq., Jack Hindmarsh, Esq., and Jack Hindmarsh, PLC, a California Professional Law Corporation  (collectively the "Jones defendants") have been attorneys at law insured against professional errors and omissions under  Lawyers Professional Liability Insurance Policy No. 9904986 (the "CCIC Policy" or the "Policy") issued by Carolina Casualty Insurance Company ("CCIC").

According to the Jones Defendants, in 2006, James A. Bratton and Bratton Investments LLC (the "Brattons") engaged the Jones defendants, or some of them, and/or their predecessor firm, to provide legal services to the Brattons.  Defendants provided legal services to the Brattons in connection with the formation of various limited liability companies organized to pursue real estate development ventures in specified locations in Central California.  (Decl. of Timothy Jones ("Jones Decl."), ECF No. 31, ¶ 2.)  Upon the organization of two of these LLCs, defendant Timothy Jones received a membership interest in each.  Jones later transferred his interest in these two LLCs to Central Pacific

Ventures, LLC, an LLC in which Mr. Jones individually holds a fifty percent membership interest.  (Id. at ¶¶ 6, 8-9.)

The Brattons claim that they suffered losses in connection with the above transactions and in the real estate ventures associated therewith, and they have filed suit against the Jones Defendants in California Superior Court, Fresno County, action number 10CECG02212AM, entitled *James A. Bratton and Bratton Investments, LLC v. Timothy Jones, et al.*, (the "Bratton Action" or the "Underlying Action"). The Brattons allege, *inter alia*, that the Jones Defendants performed negligently and breached professional duties in their legal representation of the Brattons and/or in connection with the LLCs which were formed.  They also allege that the Jones Defendants (and others with interest in the LLCs) breached fiduciary duties and committed fraud in connection with the operation and ownership of the LLCs.  The complaint attributes significant ownership and/or control of the LLCs to Defendant Jones and/or companies owned by him.   The Brattons seek compensatory damages of at least nine million dollars, punitive damages, the establishment of a constructive trust, and various other relief.  (Decl. of Barry W. Lee ("Lee Decl."), ECF No. 32, Ex. 1.)  The Bratton suit is in its infancy.  At least one demurrer under California law (motion to strike or dismiss under federal law)  is pending.

The Jones Defendants tendered the suit to CCIC and requested defense and indemnity under the CCIC policy.  (Jones Decl. ¶ 15.)  CCIC agreed to defend the Bratton action for the Jones Defendants but did so under a reservation of rights, and also filed this action seeking a declaration that it has no duty to defend or indemnify the Jones Defendants in the Bratton action.  (Id., Ex. B.)  CCIC contends that two exclusions in the CCIC policy, Exclusions E and F, bar coverage.

1    Briefly summarized, Exclusion E precludes coverage for claims arising out of the

2    insured's acting as an officer, director, partner, trustee, or employee of any business other

3    than the insured law business.  (Jones Decl. Ex. A.)

4
     Exclusion F excludes coverage for a claim made "in connection with . . . [a business]

5    . . . in which the **Insured** owns more than a 10 percent interest, or in which any **Insured**

6
     is an owner, partner, or employee, or which is directly or indirectly controlled, operated or

7
     managed by any **Insured**, . . ."[1]  (Id.)

8
     The Jones Defendants filed the instant motion asking the Court to stay this case in

9
     its entirety until the underlying Bratton litigation is resolved.  They claim that the issues
10
     raised by CCIC here cannot be adjudicated without adjudicating facts at issue in the
11
     Bratton action and that doing so exposes them to inconsistent, and potentially prejudicial,
12
     determinations in the two cases.  They note that findings made in this case could bind
13
     them, but not the Brattons, in the Bratton case.  They also claim that they will be prejudiced
14
     by having to proceed with the coverage action while simultaneously having to defend the
15
     Bratton action and by being represented in the Bratton case by counsel who are employed
16
     by and owe professional duties to CCIC and who thus may share Jones Defendants'
17
     confidences with CCIC.
18
     CCIC responds, in essence, that the facts necessary to resolve the Exclusion E and
19
     F issues are a matter of record and not subject to legitimate factual dispute.  CCIC also
20
     contends that it would suffer more prejudice by having to provide a defense in the Bratton
21
     action—which will be very expensive litigation—than Defendants would by having to
22

23

24

25

26
     _____

27       [1]  The Jones Defendants assert, and the parties briefs devote a great deal of print to debating,
     that this and other Exclusionary language is vague and ambiguous.  The Court need not and will not
     address those claims in connection with this motion.

1   proceed with this declaratory relief action.

2   **III.   ANALYSIS**

3           The parties agree that the primary issue in determining whether a stay is appropriate

4   is whether factual issues central to the resolution of the instant action substantially overlap

5

6   with factual issues at the heart of the underlying action.  If resolution of disputed factual

7   issues in the coverage action might prejudice the insured in the underlying action, a stay

8   is appropriate.  See Great Am. Ins. Co. v. Superior Court, 178 Cal App 4th 221, 235 (Cal.

9   Ct. App. 2009).  "However, if the declaratory relief action can be resolved without prejudice

10  to the insured in the underlying action—by means of undisputed facts, issues of law, or

11
    factual issues unrelated to the issues in the underlying action-the declaratory relief action
12
    need not be stayed."  Id.;  "To eliminate the risk of inconsistent factual determinations that
13
14  could prejudice the insured, a stay of the declaratory relief action pending resolution of the

15  third party suit is appropriate when the coverage question turns on facts to be litigated in

16  the underlying action."  Montrose I, 6 Cal. 4th at 301).

17
            In determining whether to grant a stay, the Court must also consider the possible
18
    prejudice to the insured.  This prejudice goes beyond having to defend against two actions
19
20  simultaneously.  The Court must consider whether allowing the coverage action to proceed

21  would put the insured in the untenable position of having to prove facts in the coverage

22  case which could be adverse to him in the underlying case and/or having findings entered

23  against him in the coverage case which he may be collaterally estopped to deny in the

24
    underlying case (while the plaintiff in the underlying case would not be so bound.)  See
25
    Montrose Chem. Corp. v. Superior Court, 25 Cal. App. 4th 902, 910 (Cal. Ct. App. 1994)
26
27  ("If the declaratory relief action is tried before the underlying litigation is concluded, the

insured may be collaterally estopped from relitigating any adverse facutal findings in the third party action, notwithstanding the fact that any fact found in the insured's favor could not be used to its advantage."). However, the relative prejudice to the insurer in having to proceed with and perhaps pay hundreds of thousands of dollars in defense costs on an underlying claim which may not be covered must be balanced against the prejudice to the insureds in proceeding with the Coverage action.

The Court will address each of these factors in turn below.

**A.      Overlapping Facts.**

1.      Exclusion E

As the Jones Defendants assert and CCIC does not vigorously dispute (at least insofar as the two cases are presently postured), the issues raised by Exclusion E clearly overlap with the issues raised in the Bratton action.   The Brattons allege that the Jones Defendants, or some of them, were officers and/or directors and/or trustees of the LLCs, and that they breached their duties and used their positions as such to defraud the Brattons. (Lee Decl. Ex. A.)  In determining whether Exclusion E barred coverage, the Court would have to evaluate whether any of the Jones Defendants was an officer, director, partner, trustee, or employee of any of the LLCs.  The Jones Defendants argue that they were not and CCIC must establish otherwise to prevail on Exclusion E.  Findings on this issue adverse to the Jones Defendants could bind them in the Bratton action, but findings favorable to the Jones Defendants would not so bind the Brattons. It is a lose-lose situation for the Jones Defendants.

The Court therefore recommends that the coverage action be stayed as to Exclusion E.  The Court recommends that this stay remain in effect until the underlying action is

1  resolved or until there is a showing in this Court that circumstances have changed such

2  that the elements of Exclusion E are no longer in dispute in the underlying action or no

3  longer can be legitimately disputed.

4          2.      "Part 2" of Exclusion F

5

6  Exclusion F has two separate provisions that could bar coverage in this case.  What

7  the Court will refer to as "Part 2" excludes coverage where a claim is made in connection

8  with any business in which the insured is an owner, partner or employee or which is directly

9  or indirectly controlled, operated or managed by any insured.  For the reasons stated in

10 connection with the Court's discussion of Exclusion E, the Court finds that these issues

11 overlap with facts disputed in the underlying action.  The Court therefore recommends that

12 the action be stayed with respect to "Part 2" of Exception F until the underlying action is

13 resolved or until there is a showing in this Court that circumstances have changed such

14 that these elements of the Exclusion are no longer in dispute in the underlying action or no

15

16 longer can legitimately be disputed.

17         3.      "Part 1" of Exclusion F

18

19 What the Court will refer to as "Part 1" of Exclusion F excludes coverage for a claim

20 made in connection with a business in which the Insured owns more than a ten percent

21 interest.

22 As expressed at the hearing on this Motion, the Court initially believed that the

23 issues raised by CCIC with respect to Part 1 of  Exclusion F did not overlap with the issues

24 in the Bratton case.  Thus, the Court's tentative ruling was that the case could proceed as

25 to this discrete issue alone.  This is because it is not clear that the Bratton parties would

26

27 find it necessary to litigate the percentage of ownership issue in the underlying case; their

case does not appear to rest on proving ownership.  Also the Court tends to agree with CCIC's argument that the facts of ownership are unlikely to be legitimately disputed; they should be simple matters of record.

However, on further consideration of the parties' argument at the hearing as well as further reflection on the record before the Court at this juncture, the Court finds that this case is so postured that discovery into the ownership issue could not reasonably be conducted without potentially forcing the Jones Defendants to take positions adverse to their interests in the Bratton action.  If this action were allowed to proceed on whether coverage was barred by Part 1 of Exclusion F, there would be dispute as to what "ownership" means in the context of this case.  The parties have made it clear that they disagree as to whether Jones's acknowledged fifty percent "membership" in Central Pacific Ventures (which is, in turn, a "member" of the LLCs at the core of this dispute) is an "ownership" interest within the meaning of the insurance policy.

The Court is concerned that the Brattons's claims, or at least the potential appeal of those claims to the trier of fact, could be strengthened by a finding in the coverage case that the Jones Defendants either directly or indirectly "owned" a significant portion of the entities in which the Brattons suffered losses.  The Court is also concerned with the likely scope of inquiry into those and potentially related issues (e.g., which LLCs and companies did what, out of what businesses "the claims arose", with which businesses the claims were "connected", which entities had "ownership" in which others, whether "membership" carried with it the rights, privileges, and obligations and, perhaps, control inherent in other forms of "ownership", etc.).  Such issues could not likely be addressed without significant discovery into how the businesses operated and how they were interrelated.  Any findings

on these issues could prejudice the Jones Defendants defense of the claims in the <u>Bratton</u> action.  Thus, the Court finds that allowing this action to proceed with respect to Part 1 of Exclusion F could prejudice the Jones Defendants in the underlying action.

Moreover, allowing this case to proceed on the single issue of whether the Jones Defendants owned more than a ten percent interest in a particular entity would make discovery difficult for both parties.  The Court believes that trying to carve out this narrow issue from such a complex case in which there are multiple, intertwined business entities would almost certainly generate otherwise unnecessary discovery disputes.  The Court finds that allowing this litigation to proceed in a piece-meal fashion does not conform "to considerations of practicality and wise judicial administration."  <u>Wilton</u>, 515 U.S. at 288.

**B.      Prejudice**

Beyond the potential prejudice resulting from the overlapping factual issues, the Court must also consider the prejudice to both parties if the stay is not granted.  As stated at the hearing on this Motion, the Court agrees with CCIC's argument that if having to fight a two-front war constituted sufficient prejudice to justify a stay of a declaratory relief action, an insurer could never avail itself of this judicial remedy while an underlying case proceeded.  The Court acknowledges that in such a case, because the duty to defend is so much broader than the duty to indemnify, the insurer would have to pay defense costs throughout the underlying case even where it might be clear coverage did not exist.  That would be unjust. However, in this case, the prejudice to the Jones Defendants goes beyond that associated with simply having to defend against two actions simultaneously.  Even though CCIC has provided counsel for the Jones Defendants in the underlying action under a reservation of rights, the Jones Defendants have hired independent counsel to

represent them at their own expense because CCIC has reportedly declined to provide independent counsel (also known as Cumis counsel).  (Jones. Decl. ¶ 29.)  Most significantly, the Jones Defendants have no other insurance coverage for the Bratton action.  (Id. ¶ 20.)  Accordingly, the Court finds that even if there were no overlapping issues and the Court were simply balancing prejudice, the prejudice to the Jones Defendants in allowing this case to proceed would substantially outweigh  the prejudice to CCIC in having to provide a defense under reservation of rights.  See Great Am. Ins. Co., 178 Cal. App. 4th at 271.

## IV.   FINDINGS

For all the reasons announced on the record at the time of oral argument on this motion, and elaborated on above, the Court finds:

1. The parties' evidentiary Objections (ECF Nos. 55 & 58) need not and will not be ruled on by the Court.  The objected-to evidence was not considered by the Court in making these Findings and Recommendations.

2. Disputed issues raised by Plaintiff's claims under Exclusion E overlap with the issues in the Bratton action such that it would be prejudicial to Defendants to have to litigate those issues here while the Bratton action is still pending.

3. The disputed issues raised by Plaintiff's claims under Exclusion F overlap with the issues in the Bratton action such that it would be prejudicial to Defendants to have to litigate those issues here while the Bratton action was still pending.  Discovery into ownership issues could not reasonably be conducted without potentially forcing Defendants to take positions adverse

1      to their interests in the <u>Bratton</u> action and create unduly expensive and

2      time-consuming discovery disputes and motions.

3

4      4.     The prejudice to CCIC in having to expend funds to represent the Jones

5      Defendants in the <u>Bratton</u> action is substantially less than the prejudice to

6      the Jones Defendants in having to proceed with the litigation of this case

7      while also litigating the <u>Bratton</u> case.

8      5.     Because of the possibility of overlapping factual issues and the impact these

9      factual issues would likely have on the discovery process in the instant action

10      plus consideration of relative prejudice to the parties, the Court finds that a

11      stay is appropriate.  See <u>Montrose Chemical Corp. v. Superior Court</u>, 25 Cal.

12      App. 4th 902, 907-08 (1994) ("It is only where there is <u>no</u> potential conflict

13      between the trial of the coverage dispute and the underlying action that an

14      insurer can obtain an early trial date and resolution of its claim that coverage

15      does not exist.") (emphasis added).

16

17   **V.**    **CONCLUSION**

18

19      For the reasons stated on the record at the December 10, 2010 hearing,

20   supplemental by the findings made herein, the Court RECOMMENDS that Defendants'

21   Motion to Stay be GRANTED until the underlying action, *James A. Bratton and Bratton*

22   *Investments, LLC v. Timothy Jones, et al.*, pending in Fresno County Superior Court as

23   action number 10CECG02212AM, is resolved but WITHOUT PREJUDICE to Plaintiff

24   seeking relief from the stay if and when it in good faith believes and represents that

25   circumstances have changed so that the reason for the stay no longer exists (provided no

26

27   such motion for relief from the stay be initiated within six months of the date of the Court's

order).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any reply to the Objections shall be served and filed within ten days after service of the Objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 12, 2011                  /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE