O

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, a California Professional Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JONES HELSLEY, PC, a California Professional Corporation; TIMOTHY JONES ESQ., a California Resident; JACK HINDMARSH, ESQ., a California Resident, JACK HINDMARSH, PLC, a California Professional Law Corporation; and DOES 1-45, inclusive, <br><br> Defendants. | 1:10-cv-00916-LEW <br><br> **ORDER Re: Plaintiff Carolina Casualty Insurance Company's Motion to Set Aside Stay Based on Material Developments in the Underlying Action Demonstrating No Potential for Coverage [85]** |

Before the Court is Plaintiff Carolina Casualty Insurance Company's ("Plaintiff") Motion to Set Aside Stay Based on Material Developments in the Underlying Action Demonstrating No Potential for Coverage [85]. The Motion was originally set for hearing before

1

Magistrate Judge Michael J. Seng in the Eastern District of California on December 13, 2011.  Before the hearing, Magistrate Judge Seng recused himself from this Action, and the hearing was vacated [99].  On January 9, 2012, however, the Ninth Circuit reassigned all further proceedings in this Action to this Court [100], and the Matter was taken under submission on February 8, 2012.  Having reviewed all the papers and arguments submitted pertaining to this Motion, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Plaintiff's Motion to Set Aside Stay.

## I. BACKGROUND

This Action stems from a legal malpractice action, entitled <u>James A. Bratton and Bratton Investments, LLC v. Timothy Jones, et al.</u> ("Bratton Action" or "the Underlying Action"), filed in the Fresno County Superior Court by a third-party against Defendants from the instant Action, which include: Jones Helsley PC, Timothy Jones, Esq., Jack Hindmarsh, Esq. and Jack Hindmarsh PLC ("Defendants").  In the instant Eastern District of California Action, Plaintiff Carolina Casualty Insurance Company ("Plaintiff"), a legal malpractice insurer for Defendants, seeks a judicial declaration that it had no duty to defend or indemnify Defendants in the Underlying Action.

///

///

**A.   The Instant Eastern District Action**

Plaintiff is an insurance company that provides legal malpractice insurance for attorneys.  Defendants are two attorneys and their respective law firms that purchased insurance coverage from Plaintiff.  In the instant Action, Plaintiff has sought declaratory relief that it has no duty to defend or indemnify Defendants from liability in the Underlying Action.  Plaintiff asserts that two exclusions, Exclusions E and F, from Plaintiff's Lawyers Professional Insurance Policy No. 9904986 (the "CCIC Policy" or the "Policy") bar insurance coverage in the Underlying Action.

On October 21, 2010, Defendants filed a Motion for a Stay of All Proceedings Pending Resolution of Underlying Action [29].  On January 13, 2011, Magistrate Judge Michael J. Seng issued Findings and Recommendations recommending that Defendants' Motion to Stay be Granted [66].  However, Magistrate Judge Seng recommended that Plaintiff be given the right to seek relief from the stay "if and when it in good faith believes and represents that circumstances have changed so that the reasons for stay no longer exist, provided no such motion for relief from the stay be initiated for at least six months."  On February 25, 2011, Eastern District Judge O'Neill adopted Magistrate Judge Seng's Recommendations after de novo review.  On November 4, 2011, Plaintiff filed the present Motion to Set Aside Stay Based on Material Developments in the

Underlying Action Demonstrating No Potential for Coverage [85].

On January 9, 2012, this case was reassigned to this Court for all further proceedings, including adjudication of the Present Motion [100].

**B.   The Underlying Action**

In the Underlying Action, filed in the Fresno Superior County Court, third-parties James Bratton and his company, Bratton Investments LLC ("the Bratton plaintiffs") were allegedly involved in the development of certain real properties in Selma, Merced, and Kingsburg, California.  In 2005, the Bratton plaintiffs engaged Defendant Timothy Jones, Esq. ("Defendant Jones") and his predecessor law firm to Defendant Jones Helsley PC ("Defendant J&H") to provide legal services in connection with the formation of various LLCs corresponding to each real estate development venture. The Bratton plaintiffs allege that Defendant Jack Hindmarsh, Esq. ("Defendant Hindmarsh"), an independent contract attorney that Defendant J&H retains for transactional work, also assisted with the formation of the LLCs.  Defendant Hindmarsh PLC is the professional law corporation for Defendant Hindmarsh's law firm.

The Bratton plaintiffs allege that Defendant Jones, among others, performed all legal services necessary to form and create various LLCs, including Selma Crossings LLC ("Selma LLC") and Merced Gateway LLC ("Merced LLC").  When these LLCs were organized, Defendant Jones

allegedly received a membership/ownership interest in both LLCs.  Subsequently, in 2008, Defendant Jones allegedly transferred his interest in these two LLCs to Central Pacific Ventures LLC ("CPV"), an LLC in which Defendant Jones allegedly holds a fifty percent membership interest.  The Bratton plaintiffs further allege that in late 2008, the Bratton plaintiffs transferred their ownership interest in both Selma LLC and Merced LLC to a third party.  The Bratton plaintiffs allege that this was a proximate result of their reliance on Defendants Jones and Hindmarsh.  The Bratton Plaintiffs state that the sale of their shares in these entities was for a purchase price sum far below the fair market value.

## II. ANALYSIS

**A. Judicial Notice and Evidentiary Objections**

As a preliminary matter, both parties have filed requests for this Court to take judicial notice of certain documents relevant to its papers.  Defendant has also made evidentiary objections to the Declaration of Chad B. Wootton, Plaintiff's attorney.

<u>1. Requests for Judicial Notice</u>

Plaintiff asks the Court to take Judicial Notice of the Second Amended Complaint filed in the Underlying Action.  Defendants have asked the Court to take Judicial Notice of a November 30, 2011 order by the trial judge in the Underlying Action adopting a "tentative order Re: Motion to Disqualify, Set Aside,

1  to Strike, and to Unseal." Pursuant to Federal Rule of
2  Evidence 201, the Court has discretion to take judicial
3  notice of a court record in another court, such as
4  those that are directly relevant to the matter at
5  issue. <u>United States ex rel. Robinson Rancheria
6  Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248
7  (9th Cir. 1992)("we may take notice of proceedings in
8  other courts, both within and without the federal
9  judicial system, if those proceedings have a direct
10 relation to matters at issue."). Here, the Court finds
11 that the two records from the Underlying Action are
12 directly relevant to this Motion. As such the Court
13 **GRANTS** both requests for judicial notice.
14     2. Evidentiary Objections
15     Defendants have made evidentiary objections to a
16 statement and two Exhibits attached to the Declaration
17 of Chad B. Wootton.
18     First, Defendants object to Exhibit G, which is the
19 entire "Declaration of Howard A. Sagaser in Support of
20 Opposition of Defendants' Motion to Compel." The Court
21 **SUSTAINS** Defendants' hearsay objection as Plaintiff has
22 offered Exhibit G for the truth of the matter asserted,
23 which is to prove Defendant Jones's relationship with
24 Selma LLC.
25     Second, Defendants object to portions of Exhibit H,
26 which are excerpts from a deposition transcript of
27 Howard Sagaser, a former partner to the law firm of
28                             6

1  Defendant J&H.  The Court **OVERRULES** Defendants'
2  objections.  More specifically, the Court finds that
3  Howard Sagaser's testimony has foundation and is not
4  hearsay.
5      Third, Defendants object to paragraph 9 of Chad B.
6  Wootton declaration.  The **OVERRULES** Defendants'
7  objections as **MOOT** given that this testimony is not
8  necessary for the Court's analysis.

### III. DISCUSSION

10     As a preliminary matter, before the Court analyzes
11 the merits of the present Motion, the Court reviews
12 whether a stay was appropriate in the first place.
13 When a declaratory relief action regarding the duty to
14 defend depends on insurance coverage issues, it may be
15 that the resolution of those issues may severely
16 prejudice the insured in the underlying litigation.
17 Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th
18 221, 235 (2009); Montrose Chemical Corp. of Calif. v.
19 Superior Court, 6 Cal. 4th 287, 302 (1994)("Montrose
20 I").
21     This prejudice arises due to the potential
22 consequences that can result due to collateral
23 estoppel.  If the declaratory relief action is tried
24 before the underlying litigation is concluded, the
25 insured may be collaterally estopped from relitigating
26 any adverse factual findings in the underlying
27 litigation.  Montrose Chemical Corp. of Calif. v

1  <u>Superior Court</u>, 25 Cal. App. 4th 902, 910 (Ct. App.
2  1994) ("Montrose II").  On the other hand, any
3  favorable findings for the insured could not be used by
4  the insured against the opposing party in the
5  underlying litigation.  <u>Id.</u>  Accordingly, to prevent
6  this unfair result for an insured, a stay in a
7  declaratory relief action is mandatory if the factual
8  issues to be resolved in the declaratory relief action
9  overlap with the issues to be resolved in the
10 underlying action.  <u>Great Am. Ins.</u>, 178 Cal. App. 4th
11 at 235.
12     As such, in determining whether the stay was
13 appropriate, the Court must first determine whether
14 there are overlapping factual issues between the
15 instant declaratory relief Action and the Underlying
16 Action.  This can be done by first identifying the
17 factual issues in the instant Action and then comparing
18 them to the factual issues in the Underlying Action.
19     In the instant Action, Plaintiff primarily argues
20 that Exclusions E and F in the "Lawyers's Professional
21 Insurance Policy" signed with Defendants excuse
22 Plaintiff from covering Defendants in the Underlying
23 Action.  Thus, the factual issues to be resolved in
24 this instant Action involve issues of fact pertaining
25 to the applicability of Exclusion E and F.
26     More specifically, Exclusion E provides, in
27 pertinent part, that Plaintiff does not have to provide
28                              8

coverage for Defendants for any action:
> based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any Insured's activities as an officer, director, partner, trustee, or employee of a business enterprise.

As applied to the facts of the Underlying Action, the factual issue to be resolved in determining whether Exclusion E applies is whether: (1) Defendant Jones is an officer, director, partner, trustee, or employee of any of the relevant business entities, such as CPV, Selma LLC, or Merced LLC and (2) the claim stemmed from activities that Defendant Jones did in those roles.

    As for Exclusion F, the Contract provides that Plaintiff will be excluded from coverage responsibilities for any action:
> by or in connection with any business enterprise . . . in which the Insured owns more than a 10 percent interest, or in which any insured is an owner, partner, or employee, or which is directly or indirectly controlled, operated, or managed by any Insured, other than solely in a fiduciary capacity, but only if the act or omission in dispute is in the rendering of services ordinarily performed as a lawyer, and then only to the extent of such services.

In this case, for Exclusion F to apply, the underlying factual issues involve whether: (1) Defendant Jones owned more than a 10 percent interest in any of the aforementioned companies, (2) Defendant Jones is an owner, partner, or employee of those companies, (3) Defendant Jones acted in a fiduciary capacity, and (4) Defendant Jones acted in a capacity as a lawyer.

Here, the Court finds that the factual issues that are involved with determining the applicability of Exclusion E and F significantly overlap with issues raised in the Underlying Action. In the Underlying Action, the complaint has gone through two amendments since the time of the original stay. In the original complaint examined by Magistrate Judge Seng and Judge O'Neill, the Bratton plaintiffs alleged that some of the Defendants were officers, directors, and/or trustees of various LLCs. Moreover, the Bratton plaintiffs alleged that some of the Defendants breached their fiduciary duties and used their positions in the LLCs to defraud the Bratton plaintiffs. As such, liability for Defendants in the Underlying Action involved a factual determination of (1) whether Defendants were actually officers, directors, and/or trustees of the relevant LLCs and (2) if they breached any fiduciary duty owed to the Bratton plaintiffs in their roles with the LLCs. Similarly, in the instant Action, the factual issues that are yet to be resolved

include (1) whether Defendant Jones's business or ownership role in the relevant LLCs and (2) whether the claims arose out of Defendant Jones' role in those companies.  Thus, both the Underlying Action and the instant Action involve a yet to be made factual determination of Defendant Jones's role, if any, with the relevant LLCs.

Accordingly, because of the significant factual overlap between both actions, the Court finds that allowing the instant Action to proceed before resolution of the pertinent factual issues in the Underlying Action would result in extreme prejudice to Defendants.  Due to principles of collateral estoppel, a determination of the factual issues in the Underlying Action would leave Defendants in a no-win position.

As such, the Court finds that Magistrate Judge Seng and Judge O'Neill were correct in instituting a stay pending either a resolution in the Underlying Action or "until circumstances have changed such that the elements of Exclusions E [and F] are no longer in dispute in the Underlying Action or no longer can be legitimately disputed."

As to the merits of this Motion, although a year has passed since the original stay order, the Court finds that the stay should not be lifted at this time. The Court finds that the same concerns that mandated the stay in the first place have yet to be resolved.

11

The most current iteration of the complaint in the Underlying Action, a Second Amended Complaint ("Bratton SAC"), alleges, in pertinent part (1) that officers of CPV breached their fiduciary duty to Defendants and (2) that Defendant Jones manages/controls CPV.  Bratton SAC ¶ 29.  Moreover, the Bratton SAC continues to allege that Defendant Jones is a manager of Selma LLC, Merced LLC, and Kingsburg LLC and that Defendant Jones owed fiduciary duties to the Bratton plaintiffs who were co-owners of those same three companies.  Bratton SAC ¶ 25.  Accordingly, the Underlying Action still involves a factual determination of whether Defendant Jones was a manager of the relevant LLCs.  As before, a determination in the instant Action of the factual issues pertinent for Exclusions E and F could potentially prejudice Defendants.  Thus, this Court finds that a stay should remain until resolution of the Underlying Action or until there is at least a significant change in the Underlying Action.

   Plaintiff argues, however, that significant developments have occurred in the Underlying Action, which have resolved the overlapping factual issues.  The Court, however, finds Plaintiff's argument without merit.  As support, Plaintiff relies on a "Report and Recommendation of Discovery Referee," (hereafter "Entry of Discovery Order") that allegedly make findings regarding Defendant Jones's management role in various

LLCs. The Court, however, finds that the Entry of Discovery Order was not a finding of fact by the trial court in the Underlying Action. At issue in the Entry of Discovery Order was whether certain discovery could be compelled. The discovery referee was not tasked with making a factual determination as to the ownership, control, or management of the entities. As such, the Court finds that the Entry of Discovery Order did not resolve any of the factual issues, which warranted the stay in the instant Action.

On the contrary, the Court finds that the overlapping factual issues are still at dispute in the Underlying Action. On November 4, 2011, more than two months after the Entry of the Discovery Order, the trial court in the Underlying Action issued a ruling stating that "[i]f [Defendant] Jones did something else as an agent or controlling manager of one or more of the [LLCs], that is not clearly alleged." In other words, when Plaintiff filed the present Motion, Defendant Jones's role in the relevant LLCs still had not been sufficiently alleged, much less conclusively determined. Though the Bratton plaintiffs have since filed the Bratton SAC to address the issues in the November 4, 2011 ruling, in the instant Action, Plaintiff still has not proffered any ruling as of the date of this Order that has conclusively resolved whether Defendant Jones was a manager with any of the

relevant LLCs.

Plaintiff argues that the Court should find that Defendant Jones's management and control of the relevant LLCs can no longer be legitimately disputed. As support, Plaintiff points to various corporate documents and declarations from Defendant Jones himself that allegedly indicate Defendant Jones's role as a manager. The Court finds that the majority of these items were already considered by Magistrate Judge Seng in January and in February, when Judge O'Neill adopted the Stay Order. The present Motion seems to rehash many of the arguments made in support of Plaintiff's Opposition to the original Motion to Stay, Objections to Findings and Recommendations of Magistrate Judge Seng, and in a Sur-Reply. In all the filings, Plaintiff repeated that a stay was improper because various corporate documents and declarations show that Defendant Jones managed the relevant LLCs. Both Magistrate Judge Seng and Judge O'Neill did not find these arguments convincing, and this Court does not find these arguments persuasive here.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Set Aside Stay Based on Material Developments in the Underlying Action Demonstrating No Potential for Coverage. Furthermore, the Court hereby orders that:

1. The stay shall remain in place until the Underlying Action is resolved;
2. Plaintiff may seek relief from the stay if and when it in good faith believes and represents that circumstances have changed so that the reason for stay no longer exists;
3. Such motion for relief from stay, however, cannot be initiated by Plaintiff within six months of the date of this Court's Order.
4. The Parties shall continue to follow Judge O'Neill's Order to file a joint report outlining the status of the Underlying Action every sixty days. If the Underlying Action is resolved at any time, the Parties shall promptly notify the Court.

**IT IS SO ORDERED.**

DATED: March 14, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge